# In the United States Court of Federal Claims

No. 26-1310C

(Filed: September 14, 2026)

| | |
|---|---|
| **GENE EDWARD SCOTT, II,** | ) |
| ***Plaintiff,*** | ) |
| **v.** | ) |
| **THE UNITED STATES,** | ) |
| ***Defendant.*** | ) |

## ORDER TO SHOW CAUSE

On September 1, 2026, Plaintiff, Gene Edward Scott II, proceeding *pro se*, filed a complaint against Defendant, the United States, in this Court. ECF No. 1 ("Compl."). That same day, Mr. Scott filed a motion to proceed *in forma pauperis* ("IFP"), in which he represented his inability to pay the required filing fee. ECF No. 2.

In order to proceed IFP in this Court, a plaintiff must file an affidavit that: (1) "state[s] the nature of the action, defense or appeal"; (2) "includes a statement of all assets such [person] possesses"; (3) demonstrates that he or she is "unable to pay [filing] fees or give security therefor"; and (4) indicates the "affiant's belief" that he "is entitled to redress." 28 U.S.C. § 1915(a)(1). Although the statutory text governing IFP requests, 28 U.S.C. § 1915 ("Proceedings in forma pauperis"), primarily addresses prisoners, non-prisoners such as Mr. Scott may also proceed IFP. *See, e.g., Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Tucker v. United States*, 142 Fed. Cl. 697, 706 n.3 (2019) (collecting cases); *Reynolds v. Cox Cable*, 2013 WL 12185881, at *1 (D. Neb. Mar. 28, 2013) ("Three federal circuit courts and the Court of Federal Claims have found that the legislative history and a reading of the statute as a whole indicate that prisoners and non-prisoners alike are entitled to petition a federal court to proceed in forma pauperis under § 1915." (citing *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004), *Haynes v. Scott*, 116 F.3d 137, 139 (5th Cir. 1997), *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997), and *Hayes v. United States*, 71 Fed. Cl. 366 (2006))). To satisfy the IFP statute, an applicant need only show that he is "unable to pay such fees" because doing so "would constitute a serious hardship on the plaintiff." *Fiebelkorn v. United States*,

77 Fed. Cl. 59, 62 (2007) (first quoting 28 U.S.C. § 1915(a)(1); and then citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Because "IFP status is a privilege, not a right," the decision whether to grant such status is within a court's sound discretion. *Nagy v. United States*, 2023 WL 4677033, at *2 (Fed. Cl. July 20, 2023). In that regard, "[c]ourts have discretion to limit a party's permission to proceed *in forma pauperis* where they have exhibited a history of frivolous or abusive filings." *Straw v. United States*, 2021 WL 3440773, at *5 (Fed. Cir. Aug. 6, 2021) (per curiam) (affirming this Court's denial of a plaintiff's IFP request when the plaintiff had a history of at least 40 suits in the Court of Federal Claims and other federal courts within a four-year period, repeatedly raising "similar, frivolous claims"). Indeed, courts have a "duty to deny in forma pauperis status to those individuals who have abused the system." *In re Sindram*, 498 U.S. 177, 180 (1991) (per curiam).

Mr. Scott is by all accounts a serial, vexatious litigant. Despite representing in this case that he has not previously filed any suits here, Compl. at 2, Mr. Scott has filed at least five such cases, four of which this Court dismissed.[1] *See Scott v. United States*, Case No. 19-97, ECF Nos. 1, 6, 7, 8 (Fed. Cl. Jan. 24, 2019) (Wolski, J.) (dismissing for lack of subject-matter jurisdiction a complaint seeking $2.5 billion to build a university residential hall on an equal protection theory, and invoking Indian claims jurisdiction); *Scott v. United States*, Case No. 20-1496, ECF No. 21 (Fed. Cl. Jan. 19, 2021) (Lettow, J.) (dismissing case, along with consolidated Case Nos. 20-1521 and 20-1563, for lack of subject-matter jurisdiction or failure to state a claim, including claims seeking damages in the amount of "1 gillion" and "1 zillion" dollars for "covering the Mexico City huge pit," and $100 billion to build a university).

Indeed, this Court's staff has identified more than 100 prior meritless lawsuits Mr. Scott has filed across the federal court system. In response to one patently frivolous suit, the United States District Court for the District of Arizona issued an order severely limiting Mr. Scott's right to initiate actions in the federal courts. In particular, the district court: (1) precluded Mr. Scott from filing any IFP request unless he can "credibly allege" immediate danger of physical injury;[2] (2) limited Mr. Scott to three IFP-status lawsuits

[1] In his fifth case, which was voluntarily dismissed pending briefing on the government's motion to dismiss, Mr. Scott sought $56 million plus land acreage for each descendant of slavery and citizen of Libya as recompense for, among other things, the assassination of Martin Luther King, Jr. *See Scott v. United States*, Case No. 19-280 (Fed. Cl. April 25, 2019) (Sweeney, C.J.).

[2] In issuing this order, the District of Arizona extended the "three strikes rule," 28 U.S.C. § 1915(g), to Mr. Scott, who is not a prisoner. *Gene Scott, II v. Unknown Party*, Case No. 24-cv-02428, ECF No. 6 (D. Ariz. Sept. 26, 2024) (Snow, C.J.) (show cause order directing Mr. Scott to provide an explanation as to why the court should not impose an "abusive-litigant injunction" against him). Pursuant to the plain terms of the statute, however, the three strikes rule prohibits a *prisoner* from filing IFP requests without demonstrating "imminent danger of serious physical injury" if he or she has already had three actions dismissed for being frivolous, malicious, or for failure to state

in any calendar year; and (3) enjoined Mr. Scott from filing any such IFP action "in this or any other federal court without first obtaining leave of the court." *Gene Scott, II v. Unknown Party*, Case No. 24-cv-02428, ECF No. 7 (D. Ariz. Oct. 11, 2024) (Snow, C.J.) (order imposing abusive-litigant injunction).[3]

In addition, where a plaintiff is permitted to proceed IFP, this Court has an obligation to dismiss a "frivolous or malicious" claim or even one that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Consistent with Mr. Scott's extensive history of meritless litigation, his claim pending before this Court likewise presents all the indicia of a frivolous claim.[4] His three-page complaint alleges that he possesses "Federal Orders against the DOJ and Fiscal Service" and demands "relief for legal moneys . . . ," Compl. at 1–2 (ellipsis in original), but he provides no facts whatsoever to properly articulate a coherent claim, much less invoke this Court's Tucker Act jurisdiction. *See Perry v. United States*, 149 Fed. Cl. 1, 35 (2020) ("[T]he Court concludes that Mr. Perry's claims related to his email account should be dismissed because they are patently frivolous."), *aff'd*, 2021 WL 2935075 (Fed. Cir. July 13, 2021) (per curiam) ("The Court of Federal Claims has the discretion to dismiss claims it determined to be frivolous." (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992))). Accordingly, even if this Court were to grant Mr. Scott's IFP motion, this Court would immediately dismiss his case. *Perry*, 149 Fed. Cl. at 35–36.[5]

---

a claim. 28 U.S.C. § 1915(g). The District of Arizona justified extending the three strikes rule to a non-prisoner because case law suggests that the IFP statute also covers non-imprisoned plaintiffs, *id.* § 1915(e)(1) (referencing "any person unable to afford counsel"), and, alternatively, because courts have the inherent power to "prevent vexatious litigation." *Scott*, Case No. 24-cv-02428, ECF No. 6 at 7 (dismissing case with prejudice and ordering plaintiff to show cause (citing *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (explaining that the language of § 1915(g) refers to non-prisoners); *Groulx v. Zawadaski*, 635 F. Supp. 3d 574 (E.D. Mich. 2022); and *Visser v. Supreme Court of the State of California*, 919 F.2d 113, 114 (9th Cir. 1990) (finding that courts have the inherent power to preclude abusive uses of IFP status))).

[3] Mr. Scott's appeal of the district court's order to the United States Court of Appeals for the Ninth Circuit was dismissed after he failed to file his opening brief. *Gene Edward Scott II v. Unknown Party*, Case No. 24-6571, ECF No. 10.1 (9th Cir. March 10, 2025). But Mr. Scott has had at least one other appeal dismissed as frivolous by that court. *Gene Edward Scott II v. Unknown Party*, Case No. 24-1102, ECF No. 9.1 (9th Cir. Jul. 17, 2024) (denying Mr. Scott's IFP motion and dismissing his appeal as frivolous).

[4] This Court may deny Mr. Scott's IFP motion based on his litigation history. *Straw*, 2021 WL 3440773, at *6 ("Mr. Straw also argues that the [Court of Federal Claims] must find the instant case frivolous, rather than rely on a history of frivolous filings, before it may deny a motion to proceed *in forma pauperis*. This is incorrect. The [Court of Federal Claims] is free to consider a history of frivolous filing in determining whether to grant a motion to proceed *in forma pauperis*." (citing *Martin v. D.C. Ct. of App.*, 506 U.S. 1, 3 (1992) (per curiam))).

[5] IFP plaintiffs may properly face a higher burden in moving forward with a case. A complaint filed IFP is necessarily subject to a "preliminary screening" phase pursuant to 28 U.S.C. § 1915(e),

In sum, despite Mr. Scott's certifying his inability to pay this Court's filing fee, his IFP motion is **DENIED** due to the frivolous nature of both his past and present complaints. On or before Monday, November 9, 2026, Mr. Scott shall pay this Court's filing fee. If Mr. Scott fails to comply with this order, this case will be dismissed for failure to prosecute pursuant to Rule 41 of the Rules of the United States Court of Federal Claims ("RCFC"). And if Mr. Scott *does* pay the filing fee, he is on notice that this Court in any event likely lacks jurisdiction over his latest foray into federal court. *See* RCFC 12(h)(3) (providing for *sua sponte* dismissal of cases for lack of jurisdiction).

Finally, irrespective of whether Mr. Scott pays the filing fee, and considering Mr. Scott's history of filing frivolous lawsuits in this Court (and others), Mr. Scott is **ORDERED** to **SHOW CAUSE** on or before November 9, 2026, why this Court should not impose an anti-filing injunction against him, consistent with the abusive-litigant injunction the District of Arizona already has imposed for similar conduct.[6] This is Mr. Scott's notice and opportunity to be heard on this matter. *See Allen v. United States*, 88 F.4th 983 (Fed. Cir. 2023). Mr. Scott shall explain in no more than five (5) pages why this Court should continue to permit him to file cases without pre-approval given his lengthy record of wasting federal judicial resources.[7]

---

as "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious[,] or repetitive lawsuits." *McCullough v. United States*, 76 Fed. Cl. 1, 3 (2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). This screening phase — unlike a traditional Rule 12(b)(6) motion, which "requires the court to assume the truth of the allegations in the complaint" — "gives courts 'the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Feist v. United States*, 148 Fed. Cl. 168, 172 (2019) (quoting *Neitzke*, 490 U.S. at 327).

[6] Some disagreement exists between courts as to whether such an expansive district court anti-filing order is binding across the federal judiciary. *Compare In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) ("We regard the restrictions placed upon Martin-Trigona's bringing of new actions in all federal district courts as necessary and proper. The district court is part of the federal judicial system and has an obligation to protect and preserve the sound and orderly administration of justice throughout that system."), *with Klayman v. Porter*, 104 F.4th 298, 310 (D.C. Cir. 2024) ("Absent an exceptionally egregious abuse of the judicial process, courts should leave it to other jurisdictions to decide for themselves how best to address improper litigation before them." (citing *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006))). This Court assumes without deciding that the district court's anti-filing injunction does not control filings in this Court. Nevertheless, this Court finds the district court's order persuasive evidence that an anti-filing injunction is likely warranted here.

[7] *See O'Diah v. United States*, 722 F. App'x 1001, 1002 (Fed. Cir. 2018) (per curiam) (affirming this Court's anti-filing injunction); *Straw*, 2021 WL 3440773, at *6 (same).

If Mr. Scott attempts to file any additional complaints in this Court in the meantime (*i.e.*, prior to the resolution of this case), the Clerk of this Court is directed to refer such new filings to the undersigned prior to docketing them.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Chief Judge